IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID PAUL KIRKIE,   #21016009,<br>      Petitioner,<br>vs.<br><br>DALLAS COUNTY SHERIFF,<br>      Respondent. | )<br>)<br>)<br>)   No. 3:21-CV-1622-E (BH)<br>)<br>)<br>)   Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the case should be **DISMISSED** without prejudice for failure to prosecute or follow orders of the court.

**I. BACKGROUND**

David Paul Kirkie (Petitioner) was an inmate in the Dallas County Jail at the time his "Letter Motion" was received on July 13, 2021, in which he specifically invoked 28 U.S.C. § 2254 and the Eighth Amendment's prohibition on cruel and unusual punishment, and appeared to challenge his detention pending a probation revocation hearing. (*See* doc. 3.) By *Notice of Deficiency and Order* dated July 16, 2021, Petitioner was notified that a challenge to detention by a state pretrial detainee arises under 28 U.S.C. § 2241, and that he needed to complete and file a form § 2241 petition within thirty days if he was challenging his pretrial detention. (*See* doc. 4.) He was also notified that if he was challenging a state conviction pursuant to which he was in custody, he must complete and return the form for actions filed under 28 U.S.C. § 2254 within thirty days. (*Id.*) Finally, he was notified that he had neither paid the $5 filing fee for a habeas case nor submitted a motion to proceed *in forma pauperis* ("IFP"), and that he must either pay the fee or file an IFP motion within thirty days. (*Id.*) The *Notice of Deficiency and Order* specifically stated that a failure to comply with its terms

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

could result in the dismissal of the case for failure to prosecute or to follow court orders.

The *Notice of Deficiency and Order* also notified Petitioner that any claims under the Eighth Amendment would arise under 42 U.S.C. § 1983, and because courts may only consider federal habeas petitions on grounds that the petitioner is in custody in violation of the Constitution or federal laws, he could only raise habeas claims in his amended habeas petition. (*Id.*) He was notified that he was trying to raise any other types of claims, including claims under § 1983, they must be raised in a separate civil action on the appropriate form, which was enclosed. (*Id.*)

On August 20, 2021, a notice of attempt to serve the defendant was received from Petitioner. (*See* doc. 7.) By *Second Notice of Deficiency and Order* dated August 24, 2021, he was again notified if he was challenging his pretrial detention, he needed to complete and file a form § 2241 petition within thirty days. (*See* doc. 8.) He was also again notified that if he was challenging a state conviction pursuant to which he was in custody, he needed to file a completed and signed form petition for writ of habeas corpus under § 2254. (*Id.*) He was again notified that he had neither paid the $5 filing fee for a habeas case nor submitted an IFP motion. (*Id.*) He was again ordered to file his petition on either the § 2241 or § 2254 form, and to either pay the fee or file an IFP motion within thirty days. (*Id.*) The notice specifically stated that a failure to comply with the notice could result in the dismissal of the petition for failure to prosecute or to follow court orders. Petitioner was also again notified that his action would only proceed as a habeas action, that he must raise any § 1983 claims in a separate civil action on the appropriate form, which was enclosed. (*Id.*)

On September 3, 2021, a request for leave was received from Petitioner, which stated that he would be released in four months and able to pay the filing fees at that time, and asked that he not be barred from filing within the two year limit. (*See* doc. 9.) By order dated September 8, 2021,

2

he was reminded that he had been specifically advised in the prior orders that any claims under the Eighth Amendment would arise under 42 U.S.C. § 1983, that he could raise habeas claims in his habeas petition, and that he must raise any § 1983 claims in a separate civil action on the appropriate form, which was enclosed. (*Id.*)

Well more than thirty days from the date of the second notice have passed, but Petitioner has not filed a completed § 2241 or § 2254 form, paid the filing fee, filed an IFP motion, or filed anything else in this case.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Here, Petitioner was twice given thirty days to file a completed § 2241 or § 2254 form and to either pay the filing fee or file an IFP motion. The notices of deficiency and orders specifically warned that failure to comply could result in the dismissal of his petition, but he still has not complied or otherwise responded. Because he failed to follow court orders or otherwise prosecute his case, his habeas petition should be dismissed.

## III. RECOMMENDATION

The habeas petition should be dismissed under Fed. R. Civ. P. 41(b) without prejudice for failure to prosecute or follow orders of the court, unless Petitioner files a completed § 2241 or § 2254 form and either pays the $5 filing fee or files an IFP motion within the fourteen-day time frame for objecting to this recommendation, or by some other deadline set by the Court.

**SIGNED this 13th day of December, 2021.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4