## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **DAVID PAUL KIRKIE,** | ) | |
| **#21016009,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:21-CV-1622-E (BH)** |
| | ) | |
| **DALLAS COUNTY SHERIFF,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge[1]** |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the petitioner's *Answer to finding, conclusions and recommendation*, received on January 4, 2022 (doc. 14). Based on the relevant filings and applicable law, the petitioner's post-judgment filing should be liberally construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) and **GRANTED**, and the judgment dismissing this case under Fed. R. Civ. P. 41(b) should be **VACATED**.

### I.  BACKGROUND

David Paul Kirkie (Petitioner) was an inmate in the Dallas County Jail at the time his "Letter Motion" was received on July 13, 2021, in which he specifically invoked 28 U.S.C. § 2254 and the Eighth Amendment's prohibition on cruel and unusual punishment, and appeared to challenge his detention pending a probation revocation hearing.  (*See* doc. 3.)  By *Notice of Deficiency and Order* dated July 16, 2021, Petitioner was notified that a challenge to detention by a state pretrial detainee arises under 28 U.S.C. § 2241, and that he needed to complete and file a form § 2241 petition within thirty days if he was challenging his pretrial detention.  (*See* doc. 4.)  He was also notified that if he was challenging a state conviction pursuant to which he was in custody, he must complete and return the  form for habeas actions filed under 28 U.S.C. § 2254 within thirty days.  (*Id.*)  Finally, he was

---

[1]  By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

notified that he had neither paid the $5 filing fee for a habeas case nor submitted a motion to proceed *in forma pauperis* ("IFP"), and that he must either pay the fee or file an IFP motion within thirty days. (*Id.*)  The *Notice of Deficiency and Order* specifically stated that a failure to comply with its terms could result in the dismissal of the case for failure to prosecute or to follow court orders.

The *Notice of Deficiency and Order* also specifically notified Petitioner that any claims under he sought to assert under the Eighth Amendment would arise under 42 U.S.C. § 1983, and because courts may only consider federal habeas petitions on grounds that the petitioner is in custody in violation of the Constitution or federal laws, he could only raise habeas claims in his amended habeas petition.  (*Id.*)  He was notified that if he was trying to raise any other types of claims, including claims under § 1983, they had to be raised in a separate civil action on the appropriate form, which was enclosed. (*Id.*)

On August 20, 2021, a notice of attempt to serve the defendant was received from Petitioner. (*See* doc. 7.)  By *Second Notice of Deficiency and Order* dated August 24, 2021, he was again notified if he was challenging his pretrial detention, he needed to complete and file a form § 2241 petition within thirty days.  (*See* doc. 8.)  He was also again notified that if he was challenging a state conviction pursuant to which he was in custody, he needed to file a completed and signed form petition for writ of habeas corpus under § 2254.  (*Id.*) He was again notified that he had neither paid the $5 filing fee for a habeas case nor submitted an IFP motion.  (*Id.*)  He was again ordered to file his petition on either the § 2241 or § 2254 form, and to either pay the fee or file an IFP motion within thirty days.  (*Id.*)  The notice specifically stated that a failure to comply with the notice could result in the dismissal of the petition for failure to prosecute or to follow court orders.  Petitioner was also again notified that his action would only proceed as a habeas action, and that if he wanted to

raise any § 1983 claims, he was required to raise those non-habeas claims in a separate civil action on the appropriate form, which was again enclosed. (*Id.*)

On September 3, 2021, a request for leave was received from Petitioner, which stated that he would be released in four months and able to pay the filing fees at that time, and asked that he not be barred from filing within the two year limit. (*See* doc. 9.) By order dated September 8, 2021, he was reminded that he had been specifically advised in the prior orders that any claims under the Eighth Amendment would arise under 42 U.S.C. § 1983, that he could only raise habeas claims in his habeas petition, and that he must raise any § 1983 claims in a separate civil action on the appropriate form, which was enclosed. (*Id.*)

After well more than thirty days from the date of the second notice had passed, but Petitioner had not filed a completed § 2241 or § 2254 form, paid the filing fee, filed an IFP motion, or filed anything else in this case, it was recommended on December 13, 2021, that the case be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or comply with court orders. (*See* doc. 11.) The recommendation was accepted, and this case was dismissed without prejudice by judgment entered on December 29, 2021. (*See* docs. 12-13.)

On January 4, 2022, Petitioner's response to the recommendation was received. (*See* doc. 14.) He contends that he mailed a completed § 2254 form and supporting brief in October 2021. (*See id.* at 1.) He also concedes that he has not filed an IFP motion, but he explains he made several requests for a certificate of inmate trust account to jail officials, who refused to complete the court form for him and only provided him account slips. (*See id.* at 1-2.) His requests and the account slips, which are all dated in September 2021, are attached to his filing, and the account slips show that he has not had access to sufficient funds to pay the $5 habeas filing fee. (*See id.* at 5-12.)

3

Finally, in complete contravention to the several court orders notifying him that this case will only proceed as a habeas case under § 2241 or § 2254, and that any non-habeas claims under the Eighth Amendment must be filed in separate civil action under § 1983, Petitioner contends that he wishes to name a new respondent in this habeas case and in his claim under the Eighth Amendment as well as for denial of access to the courts. (*See id.* at 3.)

## II.  NATURE OF FILING

Although the post-mark is not visible, Petitioner's filing appears to have been mailed prior to the date the recommendation was accepted based on the date of receipt, and it does not mention either the acceptance of the recommendation or the entry of judgment, only the recommendation. It is therefore construed as timely pre-judgment objections to the  recommendation.  *See, e.g.*, *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013).  Because Petitioner's filing was received within 28 days of the entry of judgment, it should be liberally construed as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure.  *See Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit."), *abrogated on other grounds by Thomas v. Lumpkin*, 995 F.3d 432, 440 (5th Cir. 2021); *see also Rogers v. McKee*, No. 9:06cv228, 2007 WL 2900545, at *2 (E.D. Tex. Oct. 1, 2007) (construing objections to recommendation received after dismissal of habeas petition as motion for relief from judgment) (citing *Bagley v. Bd. of Directors-Farmers Nat'l Bank*, 31 F. App'x 152 (5th Cir. 2001) (holding that objections filed after the entry of an order of dismissal should be

construed as a Rule 60 motion for relief from judgment)).

### III.  FED. R. CIV. P. 59(e)

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact.  *See Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* When considering a motion to alter or amend a judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts."  *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Petitioner's filing does not implicate either an intervening change in law or the availability of new evidence, but it does implicate a manifest error of fact.  His documentation shows that he requested a certificate of inmate trust account on several occasions in September 2021, and he contends that prison officials would not complete the court form certificate, but would only provide "account slips," so he did not file an IFP motion.  The account slips, which appear to be the facility's form certificate of inmate trust account, show that Petitioner did not have access to sufficient funds to pay the filing fee.  Petitioner also contends that he mailed a completed § 2254 form and brief, although it was not received by the Court and is not reflected on the docket. Petitioner has demonstrated that he attempted to comply with the Court's order and to prosecute his

case, and he has now shown that he qualifies for IFP status for this habeas case. Given his pre-dismissal attempts to comply with the order, and his partial compliance, the balance tips in favor of the need to render a decision on the merits of the case.

## IV. RECOMMENDATION

The petitioner's filing, received on January 4, 2022 (doc. 14), should be construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and **GRANTED**, and the judgment dismissing this case under Fed. R. Civ. P. 41(b) should be **VACATED**.

**SIGNED this 6th day of January, 2022.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE