IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID PAUL KIRKIE, #2354201, Petitioner, | ) ) ) ) |
| vs. | ) )   No. 3:21-CV-1622-E (BH) |
| DALLAS COUNTY SHERIFF, Respondent. | ) ) )   Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the *AMENDED Petition for a writ of Habeas Corpus By A Person in state custody*, received on February 8, 2022 (doc. 18), should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

### I.   BACKGROUND

David Paul Kirkie (Petitioner), an inmate currently confined in a Substance Abuse Felony Punishment Facility (SAFPF) of the Texas Department of Criminal Justice, challenges two 2018 sentences in the Criminal District No. 2 of Dallas County, Texas. (*See* doc. 18 at 1-2.)

On June 15, 2018, Petitioner was indicted for obstruction or retaliation in Case No. F-1854329-I in the Criminal District Court No. 2 in Dallas County, Texas.  *See State v. Kirkie*, No. F-1854329-I, *Indictment* (Crim. Dist. Ct. No. 2, Dallas Cnty., Tex. June 15, 2018).  After he pleaded guilty, the trial court deferred adjudication and placed him on a 3-year term of community supervision on July 27, 2018.  *See id.*, *Or. of Deferred Adjudication* (Crim. Dist. Ct. No. 2, Dallas Cnty., Tex. July 27, 2018).  On December 14, 2018, he was indicted for aggravated assault with a deadly weapon in Case No. F-1871280-I in the Criminal District Court No. 2 of Dallas County,

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

Texas. *State v. Kirkie*, No. F-1871280-I, *Indictment* (Crim. Dist. Ct. No. 2, Dallas Cnty., Tex. Dec. 14, 2018). After he pleaded guilty in the second case, the trial court deferred adjudication and placed him on a 3-year period of community supervision on December 27, 2018. *See id.*, *Or. of Deferred Adjudication* (Crim. Dist. Ct. No. 2, Dallas Cnty., Tex. Dec. 27, 2018). On June 10, 2021, the trial court entered an order modifying Petitioner's conditions of community supervision for both cases. *See Kirkie*, Nos. F-1854329-I, F-1871280-I, *Order Modifying the Conditions of Community Supervision* (Crim. Dist. Ct. No. 2, Dallas Cnty., Tex. June 10, 2021). Under the modified conditions of release, he was ordered to participate in a period of confinement and treatment at a SAFPF for not less than 90 days or more than twelve months. *See id.*

Petitioner did not appeal either case. (*See* doc. 18 at 3.) In response to the question in the standard § 2254 form about grounds raised in a petition for discretionary review (PDR), he stated that he raised grounds of "Indangerment [sic] of life, Double Jeopardy, Falsification of Documentation" in the trial court and there was no response. (*Id.*) He did not indicate that he filed a state application for a writ for habeas corpus. (*See id.*)

In his federal petition, Petitioner asserts four grounds:

(1) Failure to comply with Plea agreement;

(2) Double Jeopardy;

(3) illegal inhansments [sic];

(4) Falsification of Documentation.

(*Id.* at 6-7.)

## II.   EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the

factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a PDR or a state application for a writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. A petitioner must also present his claims in a procedurally correct manner. *See Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for a writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, Petitioner has not fairly presented his claims to the Texas Court of Criminal Appeals regarding his deferred adjudications and probated sentences. He acknowledges that he did not file a direct appeal and has not sought habeas corpus relief in state court. (*See* doc. 18 at 3). Public records also show that he has not appealed, filed any PDRs, or filed any state habeas applications for the challenged sentences. *See* https://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c (search for Petitioner) (last visited Feb. 17, 2022). The Texas Court of Criminal Appeals has therefore not had a fair opportunity to consider the claims raised by Petitioner in his federal petition. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose,* 455 U.S. at 518 (stating that the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent

disruption of state judicial proceedings."). Accordingly, the § 2254 petition should be dismissed without prejudice for failure to exhaust state remedies.

### III. RECOMMENDATION

The *AMENDED Petition for a writ of Habeas Corpus By A Person in state custody*, received on February 8, 2022 (doc. 18), should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**SIGNED this 17th day of February, 2022.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE