NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID PAUL KIRKIE, #02474425, | § § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:21-cv-1622-E-BN |
| DALLAS COUNTY SHERIFF, | § § § | |
| Respondent. | § | |

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE AND
DENYING CERTIFICATE OF APPEALABILITY**

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and any objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the Court is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court. For the reasons stated in the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, any habeas claims in the petitioner's new Section 2254 application for a writ of habeas corpus, received on March 18, 2024 (doc. 27), will be **DISMISSED** without prejudice by separate judgment for failure to exhaust available state remedies, and any civil claims will be **DISMISSED** without prejudice to seeking relief in Case No. 3:24-CV-484-K-BT, pending in this Court, or in a new civil rights action.

In accordance with Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c) and after considering the record in this case and the recommendation of the Magistrate Judge, the Court **DENIES** a Certificate of Appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions, and Recommendation in support of its finding that the petitioner

has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[1]

In the event that the petitioner files a notice of appeal, he must pay the $605.00 appellate filing fee or submit a motion to proceed *in forma pauperis* that is accompanied by a properly signed certificate of inmate trust account.

The Clerk of Court is DIRECTED to open for statistical purposes a new Section 2254 case (nature of suit 530 directly assigned, per Special Order 3-250, to the same District Judge and Magistrate Judge as in this case) and to close the same on the basis of this order accepting the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

**SIGNED this 1st day of May, 2024.**

Ada E. Brown
UNITED STATES DISTRICT JUDGE

---

[1] Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, as amended effective on December 1, 2019, reads as follows:

**(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

**(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.